CLERK'S OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
for Roanoke
FILED
JAN 0 4 2006
JOHN F. CORCORAN, CLERK
BY: Fay Coleman
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| KENNETH BRONSON HUGHES, *Petitioner,* v. UNITED STATES OF AMERICA, *Respondent.* | CIVIL ACTION NO. 7:05CV00495<br><br>Memorandum Opinion<br><br>JUDGE NORMAN K. MOON |

Petitioner Kenneth Bronson Hughes, a federal inmate proceeding pro se, brings this Motion to Vacate, Set Aside, or Correct Sentence, pursuant to 28 U.S.C. § 2255. In his petition, Hughes contests the validity of his September 3, 2003 conviction. Hughes alleges that his counsel was ineffective at trial, that the district court erred in enhancing his sentence based on evidence that was not determined by a jury using the standard of beyond a reasonable doubt, and that his counsel was ineffective for not challenging the court's determination of his sentence on appeal. The Government has filed a Motion to Dismiss, to which the Petitioner has responded, making this matter ripe for the court's review. After a careful review of the petition, the court is of the opinion that the respondent's Motion to Dismiss must be granted.

**I. Procedural History**

On October 16, 2002, Hughes, along with several co-conspirators, was named in a

1

fourteen count indictment. Count one of this indictment charged him with conspiracy to distribute more than 50 grams of cocaine base from June 2002 through September 9, 2002, in violation of 21 U.S.C. § 846. Count fourteen of the indictment charged him with distributing more than 50 grams of cocaine base on September 9, 2002, in violation of 21 U.S.C. § 841(a)(1). Hughes was convicted on both counts and, on September 9, 2003, was sentenced to 334 months of imprisonment and five years of supervised release. He appealed his sentence and it was affirmed. *United States v. Hughes*, 96 Fed. Appx. 136 (4th Cir. 2004). He did not file for a writ of certiorari. Hughes signed the instant motion on July 31, 2005.

## II. Facts

In the months leading up to September 2002, a multi-jurisdictional narcotics task force investigated cocaine distribution in the Farmville, Virginia area. This investigation led to the arrest of Jamie Shannon Routt, who was suspected of being a significant dealer of cocaine base in the region, in early September. After his arrest, Routt agreed to cooperate with the police in apprehending his supplier.

Routt identified Hughes as his main supplier and agreed to arrange for a delivery of three ounces of cocaine base from him. Routt called Hughes on September 8, 2002 to request "three of them hard things." Hughes agreed to get back to Routt about this. The next day, Routt called back Hughes and received confirmation that the three ounces of cocaine base were ready for delivery. Hughes agreed to deliver them that day at Routt's residence.

When Hughes entered Routt's residence later that day to deliver the drugs, the police immediately confronted Hughes and attempted to arrest him. Hughes attempted to flee, and threw down a paper sack in the process of doing so, but was apprehended. The police found that

2

this bag contained three ounces of cocaine base and that Hughes had $1,900 on his person.

Hughes pled not guilty and was tried by jury on May 28, 2003. At trial, Routt testified that Hughes had been his supplier and that he had purchased between one and three ounces of cocaine base from Hughes on a weekly basis for approximately three years. He also testified that he had seen Hughes in possession of a handgun during one of the drug transactions. The jury convicted him that same day.

### III. Analysis

#### A. The Timeliness of Hughes' Petition

In its Motion to Dismiss, the Government contends that Hughes' petition was not timely filed and, therefore, must be dismissed. A petitioner seeking to file a motion pursuant to 28 U.S.C. § 2255 must do so within one year of the latest of the following: (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. Hughes' judgment of conviction became final when the time expired for filing for a writ of certiorari seeking review of the Fourth Circuit's affirmation of his conviction. *See Clay v. United States*, 537 U.S. 522, 527 (2003). Pursuant to Supreme Court Rule 13(1), Hughes had ninety days from May 3, 2004, when the Fourth Circuit affirmed his conviction, to file a petition for a writ of certiorari. This period

Case 7:05-cv-00495-NKM-mfu   Document 14   Filed 01/04/06   Page 3 of 8   Pageid#: 91

ended on August 2, 2004, giving Hughes until August 2, 2005 to file a petition under § 2255.

The Government maintains that Hughes' petition was not filed until August 5, 2005 and, therefore, is untimely and should be dismissed. The court, however, agrees with Hughes that his petition was timely filed. As a *pro se* inmate, Hughes' habeas corpus petition is deemed filed as soon as he hands it over to prison officials for delivery to the court. *See Houston v. Lack*, 487 U.S. 266 (1988). Hughes states that he signed his § 2255 petition on July 31, 2005 and put it into the prison mail system that same day. Furthermore, Hughes provides a certified return mail receipt signed by the a member of the Clerk's Office and dated August 2, 2005. The court, therefore, finds that Hughes filed his petition in a timely manner.

### B. Ineffective Assistance of Counsel

Hughes' first contention in his § 2255 motion is that he was denied his Sixth Amendment right to effective assistance of counsel at trial and sentencing. Specifically, he contends that his trial counsel, Thomas Wray, was ineffective in two respects: (1) by failing to properly prepare him for trial by not investigating the facts regarding the Government's case against him; and (2) failing to call defense witnesses for the trial after being requested to do so by Hughes.

In order to make a prima facie case showing ineffective assistance of counsel, a petitioner must meet the two pronged test established in *Strickland v. Washington*, 466 U.S. 668, 687 (1994). This test requires the petitioner to show that (1) counsel made errors so serious as to not function as the counsel guaranteed by the Sixth Amendment and (2) that these errors were so serious as to deprive the petitioner of a fair trial whose results are reliable. *Id.* In reviewing a counsel's representation, there is a strong presumption that it falls within the wide range of reasonable professional assistance. *Id.* at 689. Furthermore, "strategic choices made after

4

thorough investigation of law and facts relevant to plausible options are virtually unchallengeable." *Id.* at 690.

Applying these strict standards to the Hughes' case, the court finds that his petition does not make a prima facie case of ineffective assistance of counsel and, consequently, may not proceed on these grounds.

Hughes' first allegation, that Wray failed to properly prepare him for trial by not investigating the Government's case against him, is insufficient to meet the standards set out in *Strickland* for ineffective assistance of counsel. Hughes contends that Wray failed to meet with him from November 2002 until May, 2003, just a month before the trial, because Wray erroneously believed that Hughes had retained other counsel. Yet Wray states in his affidavit that Hughes repeatedly told him during this time that he was going to retain other counsel, only to change his mind in May 2003. Furthermore, Wray states that during this time he prepared for Hughes' trial anyway as it appeared to him that he was not, in fact, going to retain new counsel. When they did meet in May 2003, Wray reviewed discovery with Hughes and discussed how to best prepare for trial. Hughes does not contest these assertions of fact, leading the court to conclude that his counsel's preparation for trial was adequate for Sixth Amendment purposes.

Hughes' second allegation, that counsel was ineffective for failing to call a witness he requested, is similarly without merit. Hughes asserts that he asked counsel to call a witness for trial and sentencing to testify that he did not carry a gun during the time that Routt said he did. Wray acknowledges in his affidavit that Hughes mentioned something to him about a possible trial witness, but states that Hughes never gave him a name or contact information for this potential witness and did not provide satisfactory information about what the witness would

5

actually say. Therefore, Wray states that he did not believe that this witness would be material to the defense. In response, Hughes claims that Wray should have "been in tune enough with the circumstances" to know that he had a possible witness who could testify in the case. He does not, however, claim that he provided Wray with the information necessary to know who this witness was or whether he or she would be material. Thus, the court finds that Hughes has failed to state a prima facie case of ineffective assistance of counsel on these grounds.

## C. Sentencing Court's Finding of Facts Not Found by the Jury

Hughes's second ground for vacating his conviction is that the district court erred when it enhanced his sentence based on facts not specifically found by the jury. At his sentencing hearing, the district court found that Hughes was responsible for more than 1.5 kilograms of crack cocaine and enhanced his sentence by two levels for possession of a firearm during the commission of his offense. Neither of these two questions was submitted to the jury to be determined beyond a reasonable doubt. Hughes objected to the court's determination of these facts and now contends that it is contrary to the law as stated in *Apprendi v. New Jersey*, 530 U.S. 466 (2000) and *United States v. Booker*, 543 U.S. 220 (2005).

Hughes's contention that his conviction should be vacated on these grounds assumes that *Booker* retroactively applies to convictions being challenged on collateral attack. However, the Fourth Circuit recently decided in United States v. Morris, 429 F.3d 65 (4th Cir. 2005), that *Booker*'s holding is not applicable retroactively to convictions that became final before *Booker* was decided. Therefore, the court finds that Hughes may not collaterally attack his conviction on this basis since it became final before the Supreme Court decided *Booker*.

## D. Ineffective Assistance of Counsel on Appeal

6

Hughes' third ground for vacating his conviction is that he received ineffective assistance of counsel on appeal because counsel did not challenge his sentencing based on factors not found by a jury beyond a reasonable doubt. Given that neither *Booker* nor *Blakely v. Washington*, 542 U.S. 296 (2004), had been decided at the time of Hughes' appeal, his motion essentially asserts that counsel was ineffective for failing to anticipate the holdings in these landmark cases and raise them himself. This assertion is without merit because counsel is generally not ineffective for failing to anticipate a change in the law. *See, e.g., Kornahrens v. Evatt*, 66 F.3d 1350, 1360 (4th Cir. 1995) (holding that counsel does not perform deficiently by failing to anticipate new rules of law); *Honeycutt v. Mahoney*, 698 F.2d 213, 217 (4th Cir. 1983); *United States v. Smith*, 241 F.3d 546, 548 (7th Cir. 2000) (holding that trial counsel was not ineffective, despite his failure to anticipate the Apprendi decision); *Frost v. United States*, 2005 U.S. Dist. LEXIS 2063(D. N.H. Feb. 11, 2005) ("Counsel's failure to anticipate Blakely v. Washington and United States v. Booker does not qualify as ineffective assistance of counsel."); *Muniz v. United States*, 360 F. Supp. 2d 574, 579 (S.D.N.Y. 2004) ("Because counsel's performance must be judged as of the time of counsel's conduct, [petitioner's] attorney cannot be deemed ineffective for failing to anticipate a potential Sixth Amendment challenge as alleged in Booker."). Thus, while Hughes' counsel was free to challenge on appeal the district court's fact-finding at sentencing, he was not ineffective for failing to do so because the district court's actions were proper at the time and counsel was not required to anticipate legal changes in this respect.

## IV. Conclusion

In conclusion, the court finds that Hughes' petition fails to set forth any grounds entitling him to the relief he requests. Accordingly, the court will deny the Petitioner's Motion to Vacate,

7

Set Aside, or Correct Sentence; grant the Government's Motion to Dismiss; dismiss the Petitioner's claims with prejudice, and strike the matter from the court's docket. An appropriate order this day shall issue.

The Clerk of the Court hereby is directed to send a certified copy of this Order to all counsel of record.

ENTERED: *[signature]*
United States District Judge

January 4, 2006
Date

8